UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| RICH & RICH PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-42-ART |
| | ) | |
| v. | ) | |
| | ) | |
| POETMAN RECORDS USA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff filed its Complaint in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [R. 1 ¶ 1]. Plaintiff alleges that it is a partnership organized under the laws of Ohio with its principal place of business in Ohio. *Id.* at ¶ 3. Plaintiff alleges the following regarding Defendants: (1) PoetMan Records USA is a Kentucky corporation with its principal place of business in Kentucky; (2) Planet III Audio and Recording Services, LLC is a Kentucky limited liability company with its principal place of business in Kentucky; (3) Michael Jonathan, Tammy Farley, Kevin Johnson, and John Doe are Kentucky residents; and (4) Kring, Cohen, Sageser and Besten P.S.C. is a Kentucky professional services corporation with its principal place of business in Kentucky. *Id.* at ¶¶ 4–10. The parties have not raised an issue regarding the Court's subject matter jurisdiction. A federal court, however, must raise subject matter jurisdiction *sua sponte* because a federal court lacks authority to hear a case without it. *See Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 423 n.5 (6th Cir. 2007)

("Although neither party raised the issue in their brief, we have an independent obligation to determine subject matter jurisdiction."). Here, the Complaint's jurisdictional allegations are defective in multiple regards.

The Complaint fails to allege properly the citizenship of Plaintiff because it does not disclose the citizenship of its partners. It is well established that a partnership has the citizenship of each of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'") (citations omitted); *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456 (1900) ("When the question relates to the jurisdiction of a circuit court of the United States as resting on the diverse citizenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association."); *Safeco Ins. Co. v. City of White House, Tenn.* 36 F.3d 540, 544–45 (6th Cir. 1994) ("A partnership, as an unincorporated association, has the citizenship of each of its members."). Without such information, Plaintiff's citizenship cannot be determined.

The Complaint also fails to allege properly the citizenship of Defendant Planet III Audio Recording Services, LLC because it does not disclose the citizenship of its members. It is well established that a limited liability company has the citizenship of each of its members. *See Homfeld II, LLC v. Comair Holdings, Inc.*, No. 01-1151, 2002 WL 31780184, at *1 (6th

2

Cir. Dec. 3, 2002) (unpublished) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . . ."); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a "citizen of every state of which its owners/members are citizens"); *PRAMCO, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that an LLC has the citizenship of its members and noting that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that "defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of

Florida because both entities have Florida members"). Without such information, Planet III Audio Recording Services, LLC's citizenship cannot be determined.

The Court is aware that Plaintiff alleges that Defendants Kevin Johnson and John Doe are co-owners of Planet III Audio Recording Services, LLC, [R. 1, ¶¶ 8–9], meaning the LLC would have the citizenship of these individuals, in addition to the citizenship of any other members. As noted below, however, the jurisdictional allegations regarding Mr. Johnson and John Doe are deficient as well.

The Complaint fails to allege properly the citizenship of Defendants Michael Jonathan, Tammy Farley, Kevin Johnson, and John Doe because it alleges only their residences, not their citizenship. Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship, and allegations of residency are insufficient to establish citizenship for purposes of diversity jurisdiction. *See Deasy v. Louisville & Jefferson County Metro. Sewer Dist.*, No. 02-5452, 2002 WL 31096268, at *1 (6th Cir. Sept. 18, 2002) (unpublished) ("To establish the 'citizenship' required for diversity jurisdiction, Deasy must show more than mere Tennessee residence. He must show that Tennessee is his domicile."); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("[A]llegations of residence are insufficient to establish diversity jurisdiction."); *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) ("It is also clear that a statement of the parties' residence is insufficient to establish their citizenship.").

Moreover, the use of "John Doe" defendants in a diversity action is not allowed. *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) ("But because the existence

of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship, 'John Doe' defendants are not permitted in federal diversity suits."). Naming John Doe as a Defendant is especially problematic here where the citizenship of Planet III Audio Recording Services, LLC depends on John Doe's citizenship.

Plaintiff may be able to amend its Complaint to remedy these deficiencies pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  Generally, amendments pursuant to section 1653 are encouraged.  *Miller v. Davis*, 507 F.2d 308, 311 (6th Cir. 1974) ("Amendment to establish jurisdiction is broadly permitted, so as to effectuate Congress' intent in enacting § 1653–to avoid dismissals on technical grounds.").  Diversity jurisdiction must actually be present, however, for the Court to allow the amendment.  *Campbell v. Equitable Life Assurance Soc'y*, No. 94-5126, 1995 WL 478716, at *3 (6th Cir. Aug. 10, 1995) (unpublished) ("This court has allowed defendants to cure defective allegations regarding diversity jurisdiction in their removal petition 'where such jurisdiction did in fact exist [and] after the time for removal had expired.'") (alteration in original) (quoting *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 969 (6th Cir. 1993)).  As such, "§ 1653, while permitting amendments to cure defective allegations of jurisdiction, does not permit amendments to remedy actual jurisdictional defects . . . ." *Jackson v. Heh*, No. 98-4420, 2000 WL 761807, at *8 (6th Cir. June 2, 2000) (unpublished).  Based on the current record in this matter, the Court cannot determine whether complete diversity exists between the parties.  For obvious reasons and to preserve the parties' resources, the questions

surrounding this Court's jurisdiction should be determined at this stage.

Accordingly, it is hereby **ORDERED** that within twenty (20) days of this Order Plaintiff shall **SHOW CAUSE** why this matter should not be dismissed for lack of subject matter jurisdiction. Such information may be provided in an affidavit of counsel. Plaintiff also shall attach an Amended Complaint incorporating proper allegations of citizenship.

This the 24th day of April, 2008.



Signed By:
*Amul R. Thapar*   AT
United States District Judge